No. 792

First Circuit

NONA MILLS CO., LTD., v. JACKSON ET AL.

(June 16, 1931. Opinion and Decree.)

Thompson & Ferguson, of Leesville, attorneys for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendants, appellants.

LeBLANC, J. Plaintiff instituted this suit against Floyd W. Jackson for having trespassed upon some of its lands in Vernon parish and having tortiously and without its consent cut and removed therefrom, either by himself or through his agents or employees for whose acts he is responsible, 136,153 feet of timber and 11,244 feet of piling. They charge him with being in bad faith, and their demand is for the value of the timber and piling, which they fix at $10 per thousand feet for the timber and 1½ cents per foot for the piling. Together the two items would make a total amount of $1,530.19, but as plaintiff admits having received the sum of $168.58 on account, judgment is prayed for in the sum of $1,361.61.

The testimony shows that the amount for which credit is given represents the value of the piling alleged to have been removed, and it appears to have been paid by the parties to whom it was sold. That item is therefore no longer involved in the suit.

In a supplemental petition filed shortly after the suit was instituted, plaintiff alleges that the 136,153 feet of timber had been sold to one Isaac F. Temple and to H. B. Curry & Co., Inc., and that, as their purchase of same constituted them joint trespassers with the defendant Jackson, judgment is asked for against them as well as against Jackson, in solido, for the full amount prayed for in the original petition.

The defendant Jackson in his answer justifies his action in going upon plaintiff's land by alleging that he had purchased of the White-Grandin Lumber Company all of the timber owned in fee-simple title north of the Calcasieu river in Vernon parish on the lands formerly owned by the W. R. Pickering Lumber Company; that before going upon the lands described in plaintiff's petition he knew that they

had been cut over by the Pickering Lumber Company, and in good faith believed that they were some of those involved in his purchase of timber from the White-Grandin Lumber Company. He alleges, further, that he did not go upon these lands before consulting the president of the plaintiff company to make sure that there would be no mistake about the matter, and, upon being advised they did not claim the timber, he cut and removed therefrom 2,783 feet which he sold to H. B. Curry & Co., netting him $4.50 per thousand feet, and 62,000 feet to Isaac F. Temple, which brought him the same amount. He avers further that the timber was of an inferior grade, and admits a liability of $275 as the value he received for it. This amount, plus the sum of $31.15 for costs incurred up to date, he tenders to the plaintiff in full settlement of the demand made against him.

Defendant Temple admits having purchased, in good faith, of Floyd W. Jackson, 60,000 feet of timber, for which he paid him the price of $13 per thousand, which included the cutting, skidding, loading, and hauling besides the stumpage value.

Defendant H. B. Curry & Co. admits its purchase, in good faith, of 2,783 feet of timber from Jackson, for which it paid him the sum of $4 per thousand feet for the timber and the additional sum of $3 per thousand feet for skidding and loading same on its trucks.

All three defendants filed pleas of twelve months' prescription, which upon trial of the case were referred to the merits. As the court rendered judgment in favor of the plaintiff, the pleas were automatically overruled. The judgment condemned the defendant Jackson to pay the sum of $1,-099.22 and it also condemned the defend-ants Temple and Curry & Co., Inc., in soli-do, with Jackson, to the extent of the amount of the timber they respectively admit having purchased from him. We are informed by brief of counsel that the court placed a value of $8 per thousand feet on the timber. Figured at that value per thousand feet, it would seem that Jackson was condemned in judgment for the full amount of timber alleged to have been cut and removed, although there is evidently an error of $10 made in the computation, as 136,153 feet at $8 per thousand is $1,089.22 instead of $1,099.22. Temple was condemned to pay the sum of $496 in solido with Jackson, that amount representing 62,000 feet of timber at $8 per thousand, and Curry & Co., Inc., the sum of $22 in solido with Jackson, for 2,783 feet at $8 per thousand. The judgment against Jackson is to be subject to credits for whatever amounts may be paid by Temple and Curry & Co. on the judgment rendered against them in solido with him. Defendants Jackson and Temple have both appealed, and plaintiff has answered, asking that the judgment be amended by increasing the value of the timber to $10 per thousand feet, and that Temple be condemned in solido with Jackson for the full amount of timber alleged to have been taken.

Counsel for defendants makes no mention of the pleas of prescription filed in their behalf before this court. We take it that he has abandoned them, as it is shown that the suit was instituted within twelve months from the day on which the plaintiff first acquired knowledge of the trespass. They will therefore stand over-ruled.

As the ownership of the land is not questioned and the trespass admitted, tender of the stumpage value having been

made to the plaintiff, the only matter that comes before us for review is 'one of amount and value.

The amount of timber taken was arrived at by a scaling made by Curry Ford, civil engineer and surveyor, with fifteen years' experience in scaling and estimating timber. With two other men to assist him, he scaled each tree, and his report shows an aggregate of 136,153 feet of timber to have been cut and removed from the plaintiff's land as described in the petition. Counsel for the appellants attempted in his brief to show that the report is not accurate, because in it is included the piling removed from the land by other parties, and he contends it is impossible for the scaler to have differentiated between the trees that were cut by Jackson and used for logs and those that were cut by the other parties for piling. He has figured that there were eleven more trees cut for piling than there were for logs, and he argues that the defendants should not be made to pay $1,361.61 for the timber produced from the smaller number of logs, when it is shown that the plaintiff accepted $168.66 for the piling. But it is shown that there was a difference between the timber that was used for piling and the other. The piling timber is referred to in the testimony as "old field piling," and the price at which it was settled for would indicate that it was not the same character of timber as the other. Two witnesses Pete Brewer and Vance Hall, who live in the vicinity, both swear of their own knowledge that, at the time the piling timber was being cut by a man named Cunningham, Floyd Jackson was cutting log timber. We would judge from the testimony of Mr. Ford that he experienced no difficulty in telling the one from the other. In the absence of any other estimate, and in face of Jackson's refusal to go over the property with Ford after he had told the latter that he had not taken all the timber he was charged with having cut, we will accept Ford's scale as showing the correct amount of saw log timber that was cut and removed from the property.

Defendant Jackson would have it appear that he only cut and removed 64,783 feet of timber, as that is all that has been accounted for as having been sold by him to Temple and H. B. Curry & Co. But it does not follow that, because that is all he admits having sold, that is all the timber that was cut and removed from the property. We have accepted Ford's estimate that there were 136,153 feet cut and removed, and it is shown by the testimony of the two witnesses, Brewer and Hall, that Jackson was the only one who cut the log timber on the property. He virtually admitted to Mr. Ferguson, president of the plaintiff company, that he alone had cut the saw logs and agreed at first to pay for the full amount he was charged with having taken off. We therefore think there is sufficient proof on which to hold him liable for the number of feet as shown in Ford's scale which we have already accepted as being correct.

Coming now to a consideration of the value of the timber, we find the plaintiff asking for $10 per thousand feet, the defendant Jackson tendering a stumpage value of $4.50, and the lower court awarding $8 per thousand. The defendant Jackson is charged with being in bad faith. If he was, under the decisions of our Supreme Court, the latest being the case of Leopold v. Bradford-Hutchinson Lumber Co., 172 La. 110, 133 So. 379, he would be liable for the value of the timber manufactured into lumber, less the costs of manufacture. No such value is asked, nor is any shown in this case. Under the prayer of the petition, the plaintiff is lim-

ited to a recovery of $10 per thousand feet. We do not believe that the defendant Jackson made any strong effort to ascertain whose timber this was before he went on the property to cut and remove it. Under the evidence as we view it, we are of the opinion that there was bad faith, and the defendants are therefore accountable for a greater value than that tendered by the defendant Floyd W. Jackson.

The surveyor, Ford, who estimated the timber, placed a value of $10 on it, as did Ferguson, the president of the plaintiff company. The latter, however, at one time was willing to accept a proposition in settlement which would have yielded a sum less than $10. C. A. King, of the Weber-King Manufacturing Company, gives a wide range on which to base a value, as he says that "it might be worth anywhere from five to fifteen dollars per thousand." From the testimony of the defendants' witnesses, we strike an average of approximately $5.75 per thousand. With all of those figures and estimates before us, we do not think that the trial judge was in error when he placed a valuation of $8 per thousand feet, and we will accept it as our own.

We note that the judgment against Isaac F. Temple is for an amount based on 62,000 feet of timber. His own tabulation, as shown by the adding machine slips offered in evidence, show the exact number of feet admitted by him to have been purchased from Jackson to be 62,726 feet. The difference of 726 feet necessarily makes a difference in the amount he is liable for. Instead of being for the sum of $496, the judgment against him should be $501.80. Because of this difference and also of the error in calculating the amount of the judgment against the defendant Jackson, it will be necessary for us to amend the whole judgment; and it is accordingly now ordered that the judgment appealed from be amended by decreasing the amount which the defendant Floyd W. Jackson is condemned to pay from the sum of $1,099.66 to the sum of $1,089.66, and by increasing the amount which the defendant Isaac F. Temple is condemned to pay in solido with Floyd W. Jackson, from the sum of $496 to the sum of $501.80, and, as thus amended, the judgment is affirmed.